# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Bartlett Grain Company, L.P.,**

      **Petitioner,**

**v.**                                                                        Case No. 13-1152-JWL

**Sunburst Farms Partnership; Western Plains Funds, Inc.; and Carol Bloesser,**

      **Respondents.**

## **MEMORANDUM & ORDER**

After becoming engaged in a contractual dispute concerning the purchase and sale of bushels of hard red winter wheat, Bartlett Grain Company, L.P. and Sunburst Farms Partnership agreed to submit their dispute to arbitration by the National Grain and Feed Association for resolution. On February 8, 2013, a panel of three arbitrators unanimously concluded that Sunburst Farms had failed to fulfill its contractual obligations, found Sunburst Farms liable for breach of contract, and awarded $276,553.04 in total damages plus interest at the rate of 3.25% from the date of the decision until payment of the award. Sunburst Farms did not appeal the decision pursuant to the applicable Arbitration Rules and has not paid the award to Bartlett Grain. Bartlett Grain has now filed a petition for order to confirm arbitration award (doc. 1) and Sunburst Farms, in turn, has responded to the petition and has filed a cross-petition to vacate the

arbitration award (doc. 5). As explained below, the court grants the petition to confirm the award and denies the petition to vacate the award.[1]

Bartlett Grain's petition to confirm the arbitration award is made pursuant to section 9 of the Federal Arbitration Act, which states in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title*.

9 U.S.C. § 9 (emphasis added).[2] Section 10 provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

---

[1] Initially, Bartlett Grain filed its petition against Western Plains Funds, Inc. and Carol Bloesser in addition to Sunburst Farms. Bartlett Grain has since moved to dismiss its petition against Western Plains Funds, Inc. and Carol Bloesser without prejudice to refiling the petition at a later date. Neither Western Plains nor Ms. Bloesser has responded to the motion, which the court then grants as unopposed.

[2] Although the parties' arbitration agreement did not specify what court would enter the judgment, a subsequent provision in § 9 provides that if no court is specified in the agreement, then an application may be made to the United States court in and for the district within which such award was made. In any event, none of the parties disputes that jurisdiction in this court is proper. Moreover, while the parties' arbitration agreement does not address whether a judgment of the court shall be entered upon the award, the parties agreed to abide by the Arbitration Rules of the National Grain and Feed Association and those Rules expressly provide that any arbitration award may be confirmed and enforced in any appropriate federal or state court.

> material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  The provisions of section 11 concerning modification of an arbitration award are not relevant to this dispute.

Reading these sections together, then, it is clear that the court must grant Bartlett Grain's petition to confirm the arbitration award unless the award is vacated in accordance with section 10.  As the party seeking to vacate the arbitration award, Sunburst Farms bears the burden of establishing that one of the limited grounds exists for setting aside the award.  *Youngs v. American Nutrition, Inc*., 537 F.3d 1135, 1141 (10th Cir. 2008).  The showing required to avoid confirmation is "very high," *see STMicroelectronics, N.V. v. Credit Suisse Securities (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011), and the court's review of the arbitration panel's decision under the FAA is "strictly limited"—a "highly deferential standard [that] has been described as 'among the narrowest known to the law.'"  *Bowen v. Amoco Pipeline Co*., 254 F.3d 925, 932 (10th Cir. 2001) (quoting *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)).

Bearing in mind this deferential standard and Sunburst Farm's heavy burden, the court turns to Sunburst Farm's petition to vacate the arbitration award.  In its petition to vacate, Sunburst Farms contends that the award must be vacated not based on one of the statutory grounds enumerated in § 10 of the FAA, but based on the "judicially-created" theory that the panel's decision was made in "manifest disregard of the law." *Burlington Northern & Santa Fe*

*Ry. Co. v. Public Serv. Co.*, 636 F.3d 562, 567 (10th Cir. 2010). As a threshold matter, Bartlett Grain devotes a substantial portion of its response brief urging that the "manifest disregard of the law" theory did not survive the Supreme Court's decision in *Hall Street Assocs., LLC v. Mattel, Inc.,* 552 U.S. 576 (2008), such that it is not a viable ground on which to overturn an arbitration award. The Tenth Circuit, albeit in an unpublished decision, has addressed this issue in some detail. *Abbott v. Law Office of Patrick J. Mulligan*, 440 Fed. Appx. 612, 617-20 (10th Cir. Sept. 21, 2011). In *Abbott*, the Circuit explained that prior to *Hall Street*, it had "somewhat equivocally" recognized manifest disregard as an extra-statutory ground for judicial review of an arbitration award. *Id*. at 619 & n.10. The Circuit further described the split among other Circuits as to whether manifest disregard of the law survived *Hall Street*:

> In the wake of *Hall Street*, the circuits have split as to whether manifest disregard of the law is still a viable ground on which to overturn an arbitration award. According to the Second, Sixth (in an unpublished decision) and Ninth Circuits, manifest disregard remains a viable standard because an arbitrator who manifestly disregards the law exceeds his powers under 9 U.S.C. § 10(a)(4). *See Comedy Club, Inc. v. Improv W. Assocs*., 553 F.3d 1277, 1290 (9th Cir. 2009) ("We have already determined that the manifest disregard ground for vacatur is shorthand for a statutory ground under the FAA, specifically 9 U.S.C. § 10(a)(4), which states that the court may vacate 'where the arbitrators exceeded their powers. . . .'"); *Stolt–Nielsen SA v. AnimalFeeds Intern. Corp.,* 548 F.3d at 95 (2d Cir. 2008) ("[The Supreme Court in *Hall Street*] did not, we think, abrogate the "manifest disregard" doctrine altogether. . . . [P]arties do not agree in advance to submit to arbitration that is carried out in manifest disregard of the law. Put another way, the arbitrators have thereby 'exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.' 9 U.S.C. § 10(a)(4)."), *overruled on other grounds*, 130 S. Ct. 1758 (2010); *see also Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 Fed. Appx. 415, 419 (6th Cir. 2008) (unpublished) ("In light of the Supreme Court's hesitation to reject the 'manifest disregard' doctrine in all circumstances, we believe it would be imprudent to cease employing such a universally recognized principle. Accordingly, this Court will follow its well-established precedent here and continue to employ the 'manifest disregard' standard.").

> In contrast, the Fifth, Eighth and Eleventh Circuits have concluded *Hall Street* left no room for the judicially created doctrine. *Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1324 (11th Cir. 2010) ("We hold that our judicially-created bases for vacatur are no longer valid in light of *Hall Street*. In so holding, we agree with the Fifth Circuit that the categorical language of *Hall Street* compels such a conclusion."); *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 355 (5th Cir. 2009) ("*Hall Street* unequivocally held that the statutory grounds are the exclusive means for vacatur under the FAA. Our case law defines manifest disregard of the law as a nonstatutory ground for vacatur. Thus, to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA.") (citation omitted); *Medicine Shoppe Int'l, Inc. v. Turner*, 614 F.3d 485, 489 (8th Cir. 2010) ("Appellants' claims, including the claim that the arbitrator disregarded the law, are not included among those specifically enumerated in § 10 and are therefore not cognizable.").

Id. at 618-19. In the end, the Circuit in *Abbott* declined to modify its precedent to conclude that an arbitrator who manifestly disregards the law exceed his powers under § 10 and declined to expressly abandon "manifest disregard" entirely, concluding that it was not necessary to come to grips with the issue as the case before it did not present the "exceedingly narrow circumstances supporting a vacatur based on manifest disregard of the law." *Id.* at 619-20.

Like the Tenth Circuit in *Abbott*, the court here declines to decide whether "manifest disregard" survives *Hall Street* because even assuming that an arbitrator's "manifest disregard of the law" may support a decision to vacate an award either as a nonstatutory ground for vacatur or as a "judicial gloss" on the enumerated grounds for vacatur set forth in 9 U.S.C. § 10, *see Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 130 S. Ct. 1758, 1768 n.3 (2010), Sunburst Farms has not met its burden of showing that vacatur is warranted on that basis. "Manifest disregard of the law clearly means more than error or misunderstanding with respect to the law." *ARW Exploration Co.*, 45 F.3d at 1463. "It is not enough . . . to show that the panel committed an error—or even a serious error." *Abbott*, 440 Fed. Appx. at 620 (quoting *Stolt-*

*Nielsen*, 130 S. Ct. at 1767). "It requires a party to establish the arbitrator's 'willful inattentiveness to the governing law.'" *Id*. (quoting *Stolt-Nielsen*, 130 S. Ct. at 1767). Stated another way, a "finding of manifest disregard means the record will show the arbitrators knew the law and explicitly disregarded it." *Dominion Video Satellite, Inc. v. Echostar Satellite LLC*, 430 F.3d 1269, 1275 (10th Cir. 2005).

According to Sunburst Farms, the panel's decision was made in manifest disregard of the law because the panel clearly disregarded certain provisions of the Uniform Commercial Code (UCC), as adopted by Kansas and codified at K.S.A §§ 84-1-101 et seq., despite knowledge that the UCC applied to the case. Specifically, Sunburst Farms complains that the decision fails to reference the UCC (or any other law) in any respect and is inconsistent with K.S.A. §§ 84-1-302 and 84-2-609. To begin, Sunburst Farms has not shown that the panel knew that the UCC applied to the parties' dispute. Indeed, in its response brief to the panel, Sunburst Farms itself equivocates on the applicability of the UCC, stating that although the UCC "would likely govern" the dispute, there is "some disagreement as to whether farmers are merchants in Kansas." Ultimately, Sunburst Farms agreed to "accept the role of merchant" "for purposes of . . . argument." Moreover, in its sur-rebuttal to the panel, Sunburst Farms indicated that the result of the dispute would be the same—Bartlett Grain breached the parties' contract first—regardless of whether the panel applied the UCC, general contract law or the Grain Trade Rules. In light of Sunburst Farms' own equivocation on the applicability of the UCC, it can hardly fault the panel for its alleged failure to expressly embrace the UCC.[3]

---

[3] In any event, the fact that the decision itself does not mention the UCC is of no consequence. The parties here agreed to be bound by the Arbitration Rules of the National Grain and Feed

Even assuming that the panel knew that the UCC applied generally to the parties dispute, Sunburst Farms has not shown that the panel was "willfully inattentive" to K.S.A. § 84-1-302. Before the panel, Sunburst Farms cited to K.S.A. § 84-1-302 only in its sur-rebuttal brief and only for the basic principle that parties cannot agree to disclaim the good faith requirements found in the UCC. *See* K.S.A. § 84-1-302 (provisions of the UCC other than the obligations of good faith, diligence, reasonableness and care may be varied by agreement). Sunburst Farms has not remotely explained to this court how the panel's decision disregarded this provision and even the most cursory review of the panel's decision demonstrates that Sunburst Farms' argument lacks merit, for the decision undoubtedly contains no express disregard for the requirement that the parties act in good faith.

K.S.A. § 84-2-609 permits a party who has reasonable grounds for insecurity with respect to the other party's performance to suspend "any performance for which he has not already received the agreed return." According to Sunburst Farms, this provision, by implication, also prohibits a party from suspending any performance for which he has already received the agreed return. Sunburst Farms, then, contends that the panel's decision is inconsistent with § 84-2-609 because it rejected Sunburst Farms' argument that Bartlett Grain had wrongfully withheld

---

Association and those Rules expressly provide that a written decision "shall contain a concise statement of the pertinent facts and the conclusions of the National Arbitration Committee and the reasons therefor." NGFA Arbitration Rules § 8(k) (May 2012). The pertinent Rules, then, do not require the arbitrators to provide legal authority for the decision and a "contrary rule would perpetuate the delay and expense that arbitration is meant to combat." *Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1177 (10th Cir. 2006) (citing *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994)); *see also Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 750 (8th Cir. 1986) (arbitrator not required to "clearly delineate the law applied, nor expound the reasoning and analysis used").

payment of roughly $185,000 for delivered grain such that Bartlett Grain breached the agreement between the parties. Sunburst Farms has not shown that the panel willfully disregarded K.S.A. § 84-2-609 in rendering its decision. As indicated in the decision, the arbitrators rejected Sunburst Farms' argument in light of its conclusion that Sunburst was the first to breach the agreement between the parties and that, pursuant to the express terms of the parties' contract concerning a justified demand for adequate assurances, Bartlett Grain was entitled to withhold and set-off the funds in its possession. The panel's decision, then, appropriately "draws its essence from the contract of the parties," *Jenkins v. Prudential-Bache Sec., Inc.*, 847 F.2d 631, 634-35 (10th Cir. 1988), and nothing in the decision runs afoul of K.S.A. § 84-2-609. In fact, the UCC expressly contemplates that a buyer may withhold payment to offset damages caused by the seller's repudiation. K.S.A. § 84-2-717.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Bartlett Grain's petition for order to confirm arbitration award (doc. 1) is granted; Sunburst Farms' petition to vacate the arbitration award (doc. 5) is denied; and Bartlett Grain's motion to dismiss the petition against Western Plains Funds, Inc. and Carol Bloesser without prejudice to refiling (doc. 12) is granted as unopposed.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court shall enter judgment in favor of Bartlett Grains against Sunburst Farms in the amount of $276,553.04 plus interest at the rate of 3.25% from February 8, 2013 until payment of the judgment as set forth in the arbitration order.

**IT IS SO ORDERED.**

Dated this 5th day of July, 2013, at Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge